UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
:
:
HOWARD CLARE,                                         :
                                                      :     17-cv-4484-ARR;
                               Petitioner,            :     12-cr-792-ARR
                                                      :
       -against-                                      :     NOT FOR ELECTRONIC
                                                      :     OR PRINT PUBLICATION
UNITED STATES OF AMERICA,                             :
                                                      :     OPINION & ORDER
                               Respondent.            :
                                                      :
                                                      :
---------------------------------------------------------------------- X

ROSS, United States District Judge:

Pro se petitioner Howard Clare has filed a motion under Federal Rules of Civil Procedures 59(e) and 60(b) seeking reconsideration of the denial of his petition under 28 U.S.C. § 2255. Pet'r's Clare Omnibus Mot. Pursuant to Rule 59(e) & Rule 60(b), ECF No. 119 ("Mot. for Recons."). For the reasons discussed below, petitioner's motion is denied.

## BACKGROUND

In December 2013, after a four-day jury trial, Clare was convicted of various drug and weapons offenses. Verdict Sheet 1-3, Case No. 12-cr-792, ECF No. 69.[1] He was then sentenced to fifteen years' imprisonment. Judgment 3, ECF No. 96. His conviction was affirmed by the Second Circuit in July 2016. United States v. Clare, 652 F. App'x 32 (2d Cir. 2016).

In July 2017, Clare filed a motion to vacate under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 110. He claimed that he had received constitutionally ineffective assistance from his trial counsel. Id. at 5-10. Specifically, he argued that his representation was constitutionally deficient because his

---

[1] All ECF citations are to the criminal docket.

1

counsel failed to: (1) move to dismiss Count Three of the indictment, id. at 7-8; (2) object to the allegedly erroneous verdict sheet and jury instructions, id. at 6, 6A, 9; or (3) object to the introduction of supposed propensity evidence regarding uncharged criminal acts, id. at 5.  I issued an order to show cause to the government, which filed its opposition on August 21.  Resp. to Pet'r's Pet. Pursuant to 28 U.S.C. § 2255, ECF No. 111 ("Opp'n Br.").  Petitioner received this opposition on around August 25. Mot. for Recons. ¶ 3.  On September 6, I denied the petition because I found that petitioner had failed to demonstrate that his trial counsel had acted unprofessionally.  Op. & Order 1-2, ECF No. 115 ("Order").  On September 15, I received a request from petitioner for a thirty-day extension to file a reply brief.  Mot. for Extension of Time 1, ECF No. 116.[2]  On September 22, he filed his reply brief.  Traverse to Resp't's Resp. to 28 U.S.C. § 2255, ECF No. 118 ("Reply Br.").  He then received a copy of the Order on September 25.  Mot. for Recons. ¶ 5 & Ex. A.

On October 2, 2017, Clare filed a motion for reconsideration of the denial of his § 2255 petition.  Mot. for Recons.  He styled the motion as a motion for relief under Federal Rules of Civil Procedure 59(e) and/or 60(b).  Id. at 1.  He requested that I vacate the denial and address all issues on the merits or, in the alternative, that I consider his reply brief "as a Motion for Reconsideration." Id. at 3-4; see also Reply Br.

Petitioner makes the following arguments: First, he argues that he was denied the opportunity to reply to the government's opposition brief, in violation of his due process rights and the equitable nature of § 2255.  Mot. for Recons. ¶¶ 6, 9.  According to petitioner, he informed the court of his intention to file a response, "consistent with 28 U.S.C. § 2243," when he asked for an extension.  Id. ¶ 4.  Second, he argues that I failed to address all of the claims in his petition.  Id. ¶ 7.  Third, he argues that I wrongly denied him a Certificate of Appealability without advising petitioner of his responsibility to show that his claims are debatable among reasonable jurists.  Id. ¶ 8.  Finally, he argues that I was

---

[2] I did not set a deadline for a reply brief to be filed from petitioner.

2

incorrect in determining that, even if the propensity evidence at issue had been improperly admitted, it had not prejudiced petitioner.  Id. ¶ 10.

## DISCUSSION

Petitioner brings his motion for reconsideration under Rules 59(e) and/or 60(b).  For the reasons discussed below, his motion is denied.

### A.  Petitioner's Rule 60(b) Motion Must Be Denied.

Rule 60(b)(6) permits a party to move for relief from a final judgment or order for "any . . . reason that justifies relief," provided that the motion is "made within a reasonable time."  Fed. R. Civ. P. 60(b)(6), (c)(1).[3]  It provides a remedy only in "extraordinary circumstances."  Wright, Miller & Kane, 11 Fed. Prac. & Proc. Civ. § 2857 (3d ed.) (citing Ackermann v. United States, 340 U.S. 193 (1950)); see also Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (holding that it was not extraordinary that, "after petitioner's case was no longer pending" on direct review, the "Court arrived at a different interpretation" of the relevant statute of limitations); Rodriguez v. Mitchell, 252 F.3d 191, 200-01 (2d Cir. 2001) (holding that it was not extraordinary that petitioner's trial lawyer had allegedly lied in a letter to the district court about his bar membership and his memory of the trial, nor that the prosecution had allegedly failed to reveal that it had deposed petitioner's trial lawyer).

Rule 60(b) motions are subject to § 2255's prohibition on second or successive petitions.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a claim presented in a "second or successive" § 2255 petition must be dismissed if it was presented in a prior application.  See 28 U.S.C. §§ 2244(b), 2255(h).  If the claim was not presented in a prior application, it still must be dismissed unless it has been certified by the court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty

---

[3] The other subsections of Rule 60(b) are not applicable here.

3

of the offense" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Supreme Court has held that a pleading that presents a "claim," even if "labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 530-31. A motion "bring[s] a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*." Id. at 532. If, however, the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then it should not be treated as a successive habeas petition. Id.

Although Gonzalez dealt only with petitions brought under 28 U.S.C. § 2554, id. at 529 n.3, the same logic applies to § 2255 petitions. The differences in wording between the two statutes are minor. Compare 28 U.S.C. § 2255(h) with 28 U.S.C. § 2244(b). Nor is there anything in the statutory language that suggests that the meaning of the term "successive petition" is any different under § 2255 than under § 2254. Virtually every federal court to deal with the issue has agreed. See, e.g., Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011); United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011); Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007); In re Nailor, 487 F.3d 1018, 1021-23 (6th Cir. 2007); United States v. Nelson, 465 F.3d 1145, 1147-49 (10th Cir. 2006); Rodriguez v. United States, 164 F. Supp. 3d 561, 565 (S.D.N.Y. 2016); Schwamborn v. United States, 507 F. Supp. 2d 229, 240 (E.D.N.Y. 2007). But see Parke v. United States, No. 5:97-CV-526 (NPM), 2006 WL 3051775, at *3 (N.D.N.Y. Oct. 20, 2006) (declining to extend Gonzalez to § 2255 petitions).

Consistent with these principles, a district court may "dismiss part of a Rule 60(b) motion as beyond the scope of the rule if such part of the motion seeks to attack the underlying conviction while the other portion legitimately attacks the integrity of the prior habeas proceeding." Crenshaw v. Superintendent of Five Points Corr. Facility, 595 F. Supp. 2d 224, 228 (W.D.N.Y. 2009) (citing Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

4

I dismiss the portion of petitioner's motion regarding the merits of my decision on the issue of propensity evidence as beyond the scope of Rule 60(b). That portion seeks to attack the validity of petitioner's conviction and constitutes a "claim" as described above. Relief on this issue is therefore unavailable to petitioner under Rule 60(b). The remainder of petitioner's motion falls within the scope of Rule 60(b). It must be denied, however, because petitioner has not alleged sufficiently extraordinary circumstances.

Petitioner first argues that he was denied the opportunity to reply to the government's opposition brief, in violation of his due process rights and the equitable nature of § 2255. Mot. for Recons. ¶¶ 6, 9. According to petitioner, he informed the court of his intention to file a response, "consistent with 28 U.S.C. § 2243," when he asked for an extension. Id. ¶ 4. That section provides that an applicant seeking a writ of habeas corpus "may, under oath, deny any of the facts set forth in the [government's response] or allege any other material facts." 28 U.S.C. § 2243. But § 2243 does not govern the procedure to be followed on § 2255 motions—those are subject to the Rules Governing § 2255 Proceedings. 28 U.S.C. foll. § 2255. Specifically, Rule 5 states that "[t]he moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Rule 5(d), 28 U.S.C. foll. § 2255. In this case, I did not fix a time for the reply and issued my order approximately two weeks after receiving the government's opposition. I conclude, however, that petitioner was not prejudiced by my deciding his motion before receiving his reply. Although petitioner's reply elaborates on the arguments raised in his § 2255 petition, it does not present any argument that would have changed my decision. Because the outcome would have been the same had I the benefit of petitioner's reply, this does not constitute an extraordinary circumstance worthy of relief from my denial of his § 2255 petition.

Petitioner next argues that I did not address all of the claims in his § 2255 motion. Mot. for Recons. ¶ 7. Petitioner does not identify which claims he believes were not addressed. Based on a

5

comparison of petitioner's § 2255 motion and my order denying that motion, the following are the most likely candidates: First, he argued in his § 2255 petition that his counsel was ineffective in failing to move to dismiss Count 3 of the indictment as duplicitous and/or multiplicitous. Mot. to Vacate 7. Second, he argued that there was insufficient evidence that a firearm was "used" in relation to a drug crime. Id. at 6A. Third, he argued that his counsel was ineffective in failing "to request a 'unanimity instruction' rather than the pro forma instruction requiring that its verdict be unanimous." Id. at 6-6A. And fourth, he argued that his counsel was ineffective in failing to object to the court's "removing from the province [of the jury] an essential element of the offense by defining a firearm as a 'gun.'" Id. at 8. For the reasons discussed below, none of these arguments warrants relief under Rule 60(b).

I addressed petitioner's first and second arguments on pages seven and eight of my order, where I observed that it is proper to have a conjunctive indictment and a disjunctive jury charge. Order 7-8 & nn.3-4. In other words, Count 3 was not duplicitous or multiplicitous because it properly listed the ways petitioner might have violated the statute at issue. See United States v. McDonough, 56 F.3d 381, 390 (2d Cir. 1995). On the same reasoning, it was not necessary that the government show that a firearm was "used" provided there was sufficient evidence that petitioner violated the statute another way—for example, by carrying a firearm "during and in relation to" a drug crime or by possessing it in furtherance of a drug crime. 18 U.S.C. § 924(c)(1)(A)(i). Petitioner's third argument—on specific unanimity instructions—was not expressly addressed in my order, but does not provide a basis for relief under Rule 60(b) either. Specific unanimity instructions are generally not required under Second Circuit law, "except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion," United States v. Robinson, 54 Fed. App'x 705, 707 (2d Cir. 2003) (quoting United States v. Schiff, 801 F.2d 108, 114-15 (2d Cir. 1986)); see also United States v. Harris, 8 F.3d 943, 945-46 (2d Cir. 1993). This was not a case in which there was a genuine danger of jury confusion, especially in light of the fact that I instructed the jury that they "must be

unanimous as to which . . . statutory requirements applie[d]." Jury Instructions 32, ECF No. 66; Trial Tr. 961:13-19, ECF No. 74. It was therefore reasonable—and not ineffective—for counsel not to request a specific unanimity instruction. Petitioner's fourth claim similarly lacks merit. He argues that counsel should have objected to the court's definition of a firearm as a gun. Mot. to Vacate 8. But I did not define a firearm as a gun in my jury charge. Rather, I instructed the jury that "a gun is a firearm." Jury Instructions 30; Trial Tr. 958:25. It cannot have been ineffective for counsel to decline to object to an essentially indisputable statement. In sum, none of the arguably unaddressed claims presents the extraordinary circumstances necessary for relief under Rule 60(b).[4]

Finally, petitioner argues that I improperly denied him a Certificate of Appealability without advising him of the relevant legal standard. Mot. for Recons. ¶ 8. But I was not obligated to notify petitioner of the requirement that he make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (alteration in original) (quoting Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)). Pro se litigants are entitled to "special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). But they are not entitled to express instructions on all of the legal requirements of their claims. Cf. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that the district court should not "assume the role of advocate for the pro se litigant"); Germain v. Racette, Case No. 9:13-cv-1530, 2015 WL 7709606, at *7 (N.D.N.Y. Sept. 10, 2015) (citing Hall, 935 F.2d at 1110); 71 C.J.S. Pleading § 84. In any event, there is no reason to believe that my advising petitioner of the requirements to obtain a Certificate of Appealability would have made a difference. Petitioner's

---

[4] Petitioner cites Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), and Rhode v. United States, 583 F.3d 1289 (11th Cir. 2009), for the proposition that a district court errs when it does not resolve all constitutional claims in a habeas petition. But these cases do not require me to reopen a case under Rule 60(b)—or Rule 59(e)—when the petitioner's claims are not viable.

§ 2255 motion sought to demonstrate that petitioner had actually suffered a denial of a constitutional right; in attempting to prove that, petitioner presumably did the most he could to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). For these reasons, my lack of direction to petitioner on this point does not constitute an extraordinary circumstance and thus cannot support relief under Rule 60(b).

### B. Petitioner's Rule 59(e) Motion Must Be Denied.

Rule 59(e) permits a party to move "to alter or amend a judgment." Fed. R. Civ. P. 59(e). Such a motion "must be filed no later than 28 days after the entry of the judgment." Id. Rule 59(e) applies to any ruling or judgment. See McCowan v. Sears, Roebuck & Co., 908 F.2d 1099, 1103 (2d Cir. 1990). A district court may, in its discretion, grant a motion under this rule "to correct a clear error of law or prevent manifest injustice." Munafo v. Metropolitan Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (citations omitted). Rule 59(e) provides "an extraordinary remedy which should be used sparingly." Wright, Miller & Kane, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.); see also In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373-74 (S.D.N.Y. 2014). Parties cannot use Rule 59(e) to relitigate arguments that they have already presented or raise arguments that they could have presented earlier. Wright, Miller & Kane, 11 Fed. Prac. & Proc. Civ. § 2810.1; see also In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d at 373-74.[5]

Petitioner's Rule 59(e) motion must be denied for essentially the same reasons that his Rule 60(b) motion must be denied. Rule 59(e)'s extraordinary remedy is not warranted on any of the grounds petitioner proposes. The issue of propensity evidence has already been litigated in petitioner's

---

[5] It is unsettled whether Rule 59(e) motions are subject to the same prohibition on second or successive petitions as Rule 60(b) motions. See Imad S. Matini, Distinctions with a Difference: Why Proper Rule 59(e) Motions Should Not Be Subject to "Second or Successive" Habeas Analysis, 84 Tenn. L. Rev. 59, 84-88 & 87 n.173 (2016) (describing the circuit split on this issue). For purposes of this motion, I assume that they are not.

§ 2255 motion. And none of the other arguments raised in petitioner's motion for reconsideration have any realistic possibility of altering the outcome of petitioner's § 2255 motion.

## CONCLUSION

For the reasons discussed above, petitioner's motion for reconsideration is denied.

So ordered.

    s/ Allyne R. Ross    <br>
Allyne R. Ross<br>
United States District Judge

Dated: March 19, 2018
       Brooklyn, New York